IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAUNDA SMITH | : | Case No. 2:21-cv-2776 |
| 8426 Diversey Loop | | |
| Blacklick, OH  43004, | : | |
| | | |
| Plaintiff, | : | Judge _____ |
| | : | |
| v. | : | |
| | | |
| LIFE INSURANCE COMPANY | : | Magistrate Judge _____ |
|  OF NORTH AMERICA | | |
| 1601 Chestnut Street | : | |
| Philadelphia, PA  19192-2235 | | |
| | : | |
| Defendant. | | |

## COMPLAINT

For her Complaint against the Defendant, Life Insurance Company of North America,

Plaintiff Shaunda Smith states as follows:

### Parties

1.      The Plaintiff, Shaunda Smith, is a former employee of Applied Industrial

Technologies Inc. ("Applied") and is a participant in a long-term disability plan (the "Plan")

established by Applied under the terms of the Employee Retirement Income Security Act for the

purpose, *inter alia*, of providing disability benefits.

2.      The Defendant, Life Insurance Company of North America ("LINA"), is the

insurer, under Policy No. FLK-0030039, of the long-term disability benefits at issue in this case.

LINA is, therefore, the real party in interest with respect to this claim.

1

**Jurisdiction and Venue**

3.      The Plaintiff's claim arises under ERISA.  Jurisdiction is based on 29 U.S.C. §

1132.

4.      The Defendant conducts business and administers, in part, its disability benefit

plans throughout counties in Southern and Eastern Ohio including, *inter alia*, Franklin County.

Under 29 U.S.C. § 1132(e)(2), venue is appropriate in the Eastern Division of the Southern

District of Ohio.

**Facts**

5.      The Plaintiff, Shaunda Smith, was employed by Applied as an Accounts

Receivable Specialist.

6.      By virtue of her employment with Applied, Smith became a participant in the

Plan.  The Plan provides, *inter alia*, short- and long-term disability income benefits for persons

who are disabled, as defined by the Plan.

7.      Smith was forced to stop working in July 2019 due to disability predicated on,

*inter alia*, conversion disorder, major depressive disorder, panic attacks, anxiety, and back pain.

8.      Smith timely applied to LINA for short-term disability benefits.

9.      LINA approved Smith's short-term disability claim and paid her benefits through

the duration of the short-term disability period.

10.     At the conclusion of the short-term disability period, Smith timely applied to

LINA for long-term disability benefits.

11.     On April 30, 2020, LINA denied Smith's long-term disability claim.

12.     Smith timely submitted an appeal, providing additional evidence of disability.

13.     In a letter dated March 16, 2021, LINA informed Smith that it had "concluded that an adverse benefit decision on the claim is warranted."

14.     In that same letter, LINA disclosed new evidence that it had generated – namely, written reports of a physician and a clinical neuropsychologist hired by LINA to review Smith's medical records – and offered Smith "the opportunity to respond to new evidence and/or rationales . . . before we issue our determination."

15.     Smith timely responded to LINA's new evidence on March 30, 2021, raising a number of concerns about LINA's analysis.

16.     In a letter dated April 2, 2021, LINA denied Smith's appeal.

17.     In that letter, LINA informed Smith that it had not considered the concerns she raised in her March 30 response because her response contained "no additional medical findings."

18.     Smith has exhausted her administrative remedies.

### Count I – For Long-Term Disability Benefits

19.     The foregoing allegations are incorporated by reference as if fully rewritten herein.

20.     Smith brings this claim under 29 U.S.C. § 1132(a)(1)(B) and seeks payment of long-term disability benefits.

21.     Smith is disabled under the terms of the Plan and is entitled to long-term disability benefits.

22.     LINA's decision denying Smith's claim was unreasonable because, *inter alia*, LINA disregarded the opinions of Smith's medical providers, relied on the opinions of

consultants based merely on file reviews, and, after inviting Smith to comment on its newly generated evidence, merely rubber-stamped its decision without considering her comments.

WHEREFORE, the Plaintiff, Shaunda Smith, demands judgment in her favor and against the Defendant, the Life Insurance Company of North America, as follows:

A. A determination that Smith is disabled and entitled to benefits under the Plan;

B. An award of benefits in the form of a single lump sum representing monthly benefits that Smith should have received from the date her benefits were terminated and continuing until the date of judgment;

C. A further order directing LINA to pay to Smith a monthly disability benefit, beginning on the date of judgment and continuing until Smith is no longer disabled under the terms of the Plan;

D. Pre-judgment and post-judgment interest;

E. Attorney's fees and the costs of this action; and

F. Such other and further relief as the Court determines to be equitable and just.

Respectfully submitted,

_____/s/ Benjamin K.P. Merry_____
Benjamin K.P. Merry (0099130)
Trial Attorney
Law Offices of Tony C. Merry, LLC
7100 N. High Street, Suite 302
Worthington, Ohio  43085
(614) 372-7114
(614) 505-6109 [fax]
bmerry@tmerrylaw.com
Attorney for Plaintiff